**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4252**

UNITED STATES OF AMERICA,

 Plaintiff - Appellee,

 v.

LEOPOLDO ORTIZ-VELASCO, a/k/a Cesar Francisco Castillo,

 Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. James C. Fox, Senior District Judge. (4:15-cr-00078-F-1)

Submitted: December 16, 2016          Decided: January 4, 2017

Before MOTZ, DUNCAN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Jennifer C. Leisten, Research and Writing Attorney, Raleigh, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, Barbara D. Kocher, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leopoldo Ortiz-Velasco pled guilty to unlawful reentry after deportation following conviction of an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2) (2012), and was sentenced to 24 months in prison. He now appeals, contending that his sentence is procedurally and substantively unreasonable. We disagree.

We review the reasonableness of a sentence "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). Procedural errors include the district court's "fail[ure] to adequately explain the chosen sentence — including an explanation for any deviation from the [Sentencing] Guidelines range." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks omitted). Although the court need not "robotically tick through [18 U.S.C.] § 3553(a)'s every subsection," United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006), it "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing," Gall, 552 U.S. at 50. Even if the court imposes a within-Guidelines-range sentence, "it must place on the record an individualized assessment based on the particular facts of the case before it." Carter, 564 F.3d at 330 (internal quotation marks omitted).

"Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district [court] should address the party's arguments and explain why [it] has rejected those arguments." Id. at 328 (internal quotation marks omitted). While "[t]he context surrounding a district court's explanation may imbue it with enough content for [us] to evaluate both whether the court considered the § 3553(a) factors and whether it did so properly," United States v. Montes-Pineda, 445 F.3d 375, 381 (4th Cir. 2006), we "may not guess at the district court's rationale, searching the record for statements by the Government or defense counsel or for any other clues that might explain a sentence," Carter, 564 F.3d at 329-30.

Only if there are no significant procedural errors do we consider the substantive reasonableness of the sentence, taking into account "the totality of the circumstances." Gall, 552 U.S. at 51. We presume that a sentence within a properly calculated Guidelines range is substantively reasonable, and this presumption may be rebutted only "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014).

The record establishes that the district court considered and rejected Ortiz-Velasco's arguments for a downward variance

3

and sufficiently touched on the most relevant § 3553(a) factors in fashioning the chosen sentence. Thus, we conclude that the sentence imposed was procedurally reasonable. Additionally, having reviewed the record, we hold that Ortiz-Velasco has not made the showing necessary to rebut the presumption that his within-Guidelines-range sentence is substantively reasonable. Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED